IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-351-F-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JAMIE HUNT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau Investigation. Defendant presented the testimony of the proposed third-party custodian, his girlfriend, with whom he maintains a household. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a 24-count indictment on 24 October 2012 with: conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning about January of 2006 and continuing up to and including about the date of the indictment in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); possession with the intent to distribute a quantity of a

mixture or substance containing a detectable amount of methamphetamine on or about 7 November 2009 in violation of 21 U.S.C. § 841(a)(1) (ct. 2); and possession of pseudoephedrine with the intent to manufacture methamphetamine on or about 1 January 2006 and continuing up to and including about 25 January 2012 in violation of 21 U.S.C. § 841(c)(1) (ct. 15).

The evidence presented at the hearing showed that the charges arise from a sophisticated conspiracy lasting for more than five years involving the production of over four kilograms of methamphetamine, arrangements with numerous people to obtain supplies for the production of methamphetamine, and the use of firearms and surveillance equipment to protect the compound used for methamphetamine production. According to two seemingly reliable co-conspirators, defendant served as the right-hand man of the leader of the conspiracy. His specific activities included cooking methamphetamine, delivering it, and supplying a substantial amount of pseudoephedrine, an essential ingredient for methamphetamine. On 7 November 2009, police found defendant in possession of 3.5 grams of methamphetamine and supplies (*i.e.*, Coleman camper fuel) used in the production of methamphetamine. He most recently purchased pseudoephedrine on 10 November 2012 as part of an ongoing series of pseudoephedrine purchases throughout this year, suggesting that he remains involved in the production of methamphetamine. Defendant appears to be an active methamphetamine addict.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the

2
Case 5:12-cr-00351-BO   Document 190   Filed 12/17/12   Page 2 of 4

evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the length of the alleged conspiracy, the volume of the methamphetamine involved, the use of firearms and surveillance equipment to protect the methamphetamine production, and defendant's central role in the conspiracy; the danger of continued offense conduct by defendant if released, especially in light of his continuation of such conduct after action by the police against him and other members of the conspiracy (*e.g.*, police discovery of his possession of methamphetamine on 7 November 2009; the 10 April 2010 execution of the search warrant at the manufacturing compound); defendant's active methamphetamine addiction; his purchase of pseudoephedrine on a regular basis when enrolled in a drug diversion program in April 2010 to April 2011 required as a result of a methamphetamine possession charge; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger posed by defendant and the presence of minor children in the proposed custodial home; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's maintenance of a stable residence with the proposed custodian, his employment, and his lack of any convictions other than minor traffic offenses. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of December 2012.

_____
James E. Gates
United States Magistrate Judge